IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIAN HALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 3:23-98 |
| ) | Judge Stephanie L. Haines |
| WARDEN M. UNDERWOOD, ) | Magistrate Judge Keith A. Pesto |
| ) | |
| Respondent. ) | |

**MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 brought by Julian Hall ("Petitioner") [Doc. 10]. Petitioner, an inmate serving a federal sentence at FCI-Loretto at the time of the filing of the petition, seeks release from custody by challenging Respondent's computation of his Earned Time Credits under the First Step Act. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

By order dated November 7, 2023, Judge Pesto directed a response to the petition by December 18, 2023 [Doc. 17]. On December 6, 2023, Respondent filed a notice of suggestion of mootness indicating that Petitioner had been released from custody on December 1, 2023 [Doc. 18]. On December 7, 2023, Judge Pesto filed a Report and Recommendation ("R&R") recommending that the petition be dismissed as moot in light of Petitioner's release [Doc. 19]. Petitioner did not file written objections to the R&R within fourteen days, *see* 28 U.S.C. § 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2, and the time to do so has expired.

Upon review of the record and the R&R under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review

1

when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Judge Pesto in this matter.

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. *Doe v. Deli*, 257 F.3d 309, 313 (3d Cir. 2001) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). To avoid mootness, a controversy must exist at all stages of review. *See id.* (citing *New Jersey Turnpike Auth. v. Jersey Central Power & Light*, 772 F.2d 25, 31 (3d Cir. 1985)). "Mootness has two aspects: (1) the issues presented are no longer 'live' or (2) the parties lack a cognizable interest in the outcome." *Id.* (quoting *New Jersey Turnpike Auth.*, 772 F.2d at 31). Thus, "[i]f developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, the relief requested by Petitioner in his habeas petition was release from custody. The Bureau of Prison's inmate locator, www.bop.gov, confirms that Petitioner in fact was released from BOP custody on December 1, 2023. As the record establishes that Petitioner has been released, there no longer is anything for this Court to remedy, *see Spencer v. Kemma*, 523 U.S. 1 (1998), and this matter now is moot. *See Doe*, 257 at 313; *Blanciak*, 77 F.3d at 698-99. Accordingly, the following order is entered:

## ORDER OF COURT

AND NOW, this 31st day of January, 2024, for the reasons set forth in the Magistrate Judge's Report and Recommendation [Doc. 19], which is adopted in whole as the opinion of the Court as supplemented herein, IT IS ORDERED that Petitioner's petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 [Doc. 10] hereby is **dismissed as moot**. The Clerk of Court shall mark this matter closed.

/s/ Stephanie L. Haines
Stephanie L. Haines
United States District Judge